ISABELLA MEAD, RESPONDENT, *v.* ISAAC J. STRATTON AND MARGARET M. STRATTON, APPELLANTS.

*Civil damage act — chapter 646, Laws of 1873 — Recovery of damages against owner —permission or knowledge of owner must be proved, not presumed or inferred.*

A recovery can only be had against the owner of a building where intoxicating liquors are sold, under the clause of chapter 646, Laws of 1873, which provides that "any person or persons owning or renting or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, shall be liable severally or jointly with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages," upon clear and satisfactory proof establishing the permission to occupy, with knowledge that intoxicating liquors are to be sold therein; and neither the permission or the knowledge can be presumed or inferred.

APPEAL from a judgment entered on the verdict of a jury in favor of the plaintiff and against the defendants for $1,151 damages and costs.

This action was brought by the plaintiff, who was the wife of Charles Mead, against the defendants, to recover damages sustained by the plaintiff in her means of support by the death of said Charles Mead while intoxicated, and in consequence of such intoxication, produced by liquor sold to said Charles Mead by the defendant Isaac J. Stratton. The defendant Margaret M. Stratton is the

wife of Isaac J. Stratton, and owned and lived with him upon the premises known as the Globe Hotel at Geneseo, premises upon which Isaac J. Stratton kept hotel and sold intoxicating liquors. There was no evidence given on the trial which proved or tended to prove that she had any knowledge that intoxicating liquors were sold on the premises or were to be sold when her husband took possession, except that she lived with him.

It appeared that Charles Mead was an industrious laboring man, thirty-seven years of age, residing at York, about five miles from Geneseo; that after working all day on Saturday, August 8, 1874, he left home in the evening with one McGir and drove to Geneseo with horse and buggy; attended to some matters of business; drank intoxicating liquors several times at defendant's hotel; at one time Stratton handed him the bottle; became beastly drunk, so that he was helped into his buggy upon their starting for home. In going down the hill from Geneseo, Mead fell over on the dash-board twice, and was helped up on the seat by McGir, who was driving, and held there till they got down the hill. After getting part way across the flats on their way home, McGir had occasion to get out of the buggy, when he handed Mead the lines. The horse started along upon the road, and that was the last seen of him till he was found in front of his residence, hanging out of the buggy, with his head down against the spokes of the fore wheel, his left hand and arm on the ground, with his knee caught firmly under the foot rest of the buggy, killed by the speed of the horse and the action of the wheel.

The plaintiff was entirely dependent upon her husband for her means of support, having no property, and he was industrious and a good provider for his family. They had three daughters, aged respectively thirteen, ten and four years, a boy eight years old, and another daughter born after the father's death and before the trial.

*S. Hubbard*, for the appellants.

*J. B. Adams*, for the respondent.

TALCOTT, J.:

This is an action brought under the act of 1873, known as the civil damage act. The action is founded on the alleged injury to

the means of support of the plaintiff, whose husband fell from his wagon and was killed, as the plaintiff alleges, in consequence of intoxication, to which, intoxicating liquor sold to him by the defendant Isaac, is alleged to have contributed.

The defendant Margaret is included as a defendant in the action upon the allegation contained in the complaint, that she owns the " Globe Hotel " where the liquor is alleged to have been sold, and that " she rents the same to the said Isaac J. Stratton, or permits the same to be occupied as such hotel," and had knowledge that intoxicating liquors were, and had been, and were to be sold in the said building so owned by her and occupied by said Isaac J. Stratton. On the trial the only proof offered to sustain the action against Mrs. Stratton, consisted of admissions made by the counsel for the defendants, that the title of the hotel in question was vested in the said Margaret ; that she was the wife of the defendant Isaac and lived with her husband at the hotel, together with evidence tending to show that liquor was usually sold at the bar of the hotel. The act makes " any person owning or renting, or permitting the occupation of any building or premises and having knowledge that intoxicating liquors are to be sold therein," liable, severally or jointly, with the person who sells, for all damages sustained and for exemplary damages. It cannot be supposed that the legislature intended to inflict the severe consequences prescribed by the act, unless the owner, in some manner, had authorized the occupation for such purpose, in the language of the act " having knowledge that intoxicating liquors are to be sold therein."

The permission to occupy, with knowledge that intoxicating liquors are to be sold therein constitutes the basis of the liability imposed by the act. Neither the permission nor the knowledge are to be presumed or inferred, but should be established by clear and satisfactory proof. It may be doubtful whether, considering the relations between the parties, the occupation by the husband of the premises belonging to his wife where he and she reside, is such a permission to occupy as would make her liable under the statute. However that may be, it is clear that she must have knowledge " that intoxicating liquors are to be sold therein." Of this there was no proof, and it cannot be inferred from the mere fact that she lived at the hotel with her husband. She is not

shown ever to have witnessed a sale, or ever to have been present in the bar-room where the sales were made, ever to have given any consent that such sales should be made, or to have been informed that they were in fact made, or of any circumstance tending to induce any such belief.

It may very well be supposed that though the wife of the defendant Isaac, and living with him in the hotel, her avocation occupied her in a different and perhaps distant part of the premises. The knowledge that her husband was keeping a hotel on the premises did not, necessarily, convey to her the information that he was engaged in selling intoxicating liquors there ; and the sale of such liquors may not only have been without her consent, but against her remonstrance. We do not think the evidence offered on the subject was sufficient to charge the defendant Margaret with the liability for the damages which resulted from the intoxication of the deceased, if any within the meaning of the statute.

This objection was distinctly taken by way of a motion for a dismissal of the complaint as to the defendant Margaret, which motion being denied, an exception was duly taken. We consider this ruling erroneous, and for that reason a new trial must be ordered.

The important position advanced by the counsel for the plaintiff as to the right to maintain the action at all under such circumstances, and which has been the occasion of such diverse judicial opinion, we do not touch, because the General Term in this department is understood to be committed on the subject, and in the hope that before this cause shall be tried again, we shall have some construction of the vague and uncertain statute on which the action is founded, and that it will receive an exposition at the hands of the court of last resort.

Judgment reversed and new trial ordered, costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial ordered, costs to abide the event.

As to constitutionality of civil damage act, see *Baker* v. *Pope* (2 Hun, 556). That damages resulting from death of intoxicated person cannot be recovered under, see *Hayes* v. *Phelan* (4 Hun, 733); *contra*, *Jackson* v. *Brookins* (5 Hun, 530). That landlord is liable for liquor supplied by the bartender contrary to his instructions, *Smith* v. *Reynolds* (*ante*, p. 128). That joint action against landlord and tenant will lie, *Bertholf* v. *O'Reilly* (*ante*, p. 16). As to exemplary damages, and distribution of damages among parties entitled to sue, see *Franklin* v. *Schermerhorn* (*ante*, p. 112).— [REP.